IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEWEY DEAN BUTTERFLY,<br><br>Defendant. | CR-12-24-GF-BMM<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Mr. Butterfly of violating his conditions of supervised release by (1) being terminated from his job for failing to appear, (2) failing to notify his probation office that he was terminated from his job, (3) failing to report to his probation officer as directed, (4) failing to submit monthly reports, and (5) failing to notify his probation officer within seventy-two hours of being arrested. Mr. Butterfly admitted to violations 1, 2, and 4. The Court found that the United States proved violation 3, and the United States withdrew violation 5. His supervised release should be revoked, and he should be sentenced to six months in custody, with no supervised release to follow.

## II. Status

Mr. Butterfly pleaded guilty to Assault Resulting in Serious Bodily Injury on May 9, 2012. (Doc. 23.) United States District Judge Sam Haddon sentenced him to twenty-seven months in custody, with thirty-six months of supervised release to follow. (Doc. 26.)

The United States Probation Office filed a Report on Offender Under Supervision on August 12, 2014, because Mr. Butterfly submitted a urine sample that tested positive for marijuana. (Doc. 29.) He was placed in outpatient treatment and his urine testing was increased.

The Court modified the conditions of Mr. Butterfly's release on September 11, 2014, to include six months at a Residential Reentry Center because he continued to test positive for marijuana. (Doc. 30.) The Court ultimately revoked his supervision on September 24, 2014, because of his repeated marijuana use and sentenced him to three months in custody followed by thirty months of supervised release. (Doc. 41.) His current term of supervised release began on December 16, 2014.

The Probation Office filed a Report on Offender Under Supervision on October 6, 2016, following Mr. Butterfly's use of marijuana and alcohol. (Doc. 43.) The Court allowed him to continue his supervision and ordered him to complete intensive outpatient treatment.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on December 27, 2016, accusing Mr. Butterfly of violating the conditions of his supervised release by (1) being terminated from his job for failing to appear, (2) failing to notify his probation office that he was terminated from his job, (3) failing to report to his probation officer as directed, (4) failing to submit monthly reports, and (5) failing to notify his probation officer within seventy-two hours of being arrested. (Doc. 44.)

**Initial appearance**

Mr. Butterfly appeared before the undersigned for an initial appearance on January 10, 2017, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Butterfly said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Butterfly admitted to violations 1, 2, and 4. The United States called United States Probation Officer Ray Antonsen to testify in regards to violation 3.

Following Mr. Antonsen's testimony, the Court found that the United States had proved that Mr. Butterfly more likely than not committed violation 3. The United States then withdrew violation 5. The violations are serious and warrant revocation of his supervised release.

Mr. Butterfly's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for thirty months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes recommend a lenient sentence for Mr. Butterfly. Mr. Butterfly exercised his right of allocution and stated that he recently lost a nephew to suicide and does not submit his monthly reports because he procrastinates . Mr. Weldon recommended a sentence of six months in custody with no supervised release to follow.

### III. Analysis

Mr. Butterfly's supervised release should be revoked. He should be sentenced to six months in custody, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

The Court advised Mr. Butterfly that it would recommend the above sentence to Judge Morris. He was reminded of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Dewey Dean Butterfly violated the conditions of his supervised release by (1) being terminated from his job for failing to appear, (2) failing to notify his probation office that he was terminated from his job, (3) failing to report to his probation officer as directed, (4) failing to submit monthly reports, and (5) failing to notify his probation officer within seventy-two hours of being arrested.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Butterfly's supervised release and committing him to the custody of the United States Bureau of Prisons for six months, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 12th day of January 2017.

John Johnston
United States Magistrate Judge